**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**DARREN R. MILLER,**

                **Plaintiff,**

                **v.**

**JOHN E. POTTER,**
Post Master General

                **Defendant.**

**1:07-CV-871
(GLS/RFT)**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| DARREN MILLER<br>Plaintiff, *Pro Se*<br>Last Known Address:<br>1054 Holland Rd.<br>Schenectady, New York 12303 | |
| **FOR THE DEFENDANT:** | |
| HON. ANDREW T. BAXTER<br>Acting United States Attorney<br>445 Broadway<br>218 James T. Foley U.S.<br>Courthouse<br>Albany, New York 12207-2924 | BARBARA D. COTTRELL<br>Assistant U.S. Attorney |

**Gary L. Sharpe
United States District Judge**

**DECISION AND ORDER**

The court cannot locate *pro se* plaintiff, Darren R. Miller. Accordingly, it considers *sua sponte* Miller's noncompliance with this District's Local Rules by failing to notify the court of his current address and by not prosecuting his action.

On August 27, 2007, Darren Miller filed a *pro se* complaint and an *in forma pauperis* application in the above-captioned case. *See Dkt. Nos. 1 and 2.* On September 10, 2007, the court issued an order denying the *in forma pauperis* application as incomplete. The order provided the plaintiff with the opportunity to file a new *informa pauperis* application and an amended complaint within (30) thirty days. *See Dkt. No.* 4. On October 9, 2007, plaintiff filed an amended complaint and a new *informa pauperis* application . *See Dkt. No.* 5 *and* 6. On November 18, 2007, this court issued an order granting the filing of the amended complaint and the *in forma pauperis* application. This district has expended considerable effort in order to familiarize *pro se* litigants with those Rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible. See http://www.nynd.uscourts.gov. In fact, the clerk's office provided a copy of

the Pro Se Handbook and notice to the plaintiff in hand on August 27, 2007. *See Dkt. No.* 3.

In relevant part, Local Rule ("L.R.") 10.1(b) provides:

> **All ... pro se litigants must immediately notify the court of any change of address.** The notice of change of address is to be filed with the clerk of the court and served on all other parties to the action. The notice must identify each and every action for which the notice shall apply.... (emphasis in original).

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court. *Link v. Wabash R.R. County Indep. Sch. Dist.*, 370 U.S. 626 (1962); *see also*, *Lyell Theater Corp. v. Loews Corp.*, 628 F. 2d 37 (2d Cir. 1982).

On November 25, 2008, Judge Treece issued an order granting plaintiff thirty days from the date of the filing of the order to submit his current address to the Court as well as to the parties in this caption or verify that his mailing address is as listed in the caption of the order. Plaintiff was warned that failure to notify the Court of his current whereabouts within

3

thirty days fo the filing date of the order would result in dismissal of the action. *See Dkt. No.* 28. It is further noted, that *Dkt. No.* 28 was mailed to additional addresses 1052 Holland Rd., Schenectady, New York 12303 and 1052-1054 Holland Rd., Schenectady, New York 12303.[1]

Miller's copies of the order were mailed to his last known address reflected on the docket and the addresses located by the Clerk's Office, but returned as Return to Sender - Not Deliverable as Addressed - Unable to Forward. *See Dkt. Nos.* 29 *and* 30.

For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. *Michaud v. Williams*, 98cv1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler, then D.J.). As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties of their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in

---

[1] The court notes that these addresses were located by the Clerk's Office upon checking the assessment records.

writing.

*Dansby v. Albany County Corr. Staff,* 95cv1525, 1996 WL 172699, *1 (N.D.N.Y. Ap. 10, 1996) (citing *Perkins v. King,* No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions. *See Williams v. Faulkner*, 95cv741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff,* 95-cv-1525, 1996 WL 172699 (N.D.N.Y. Apr. 10, 1996); *Fenza v. Conklin,* 177 F.R.D. at 126 (N.D.N.Y. 1988); *cf. Michaud*, 1999 WL 33504430, at *1.

Miller's failure to provide this court with a change of address warrants dismissal. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute. According, it is hereby

**ORDERED** that Miller's complaint is **DISMISSED** for failure to notify the court of his current address, failure to prosecute and for failure to comply with the court's November 25, 2008 and February 27, 2009 orders;

5

and it is further

**ORDERED** that the Clerk of the Court serve copies of this Order to the parties by regular mail at the addresses listed in the caption; and it is further

**ORDERED** that the Clerk serve plaintiff at his last known address.

**SO ORDERED.**

**Dated:    April 3, 2009**
**         Albany, New York**

_____
Gary L. Sharpe
U.S. District Judge